14-1448-cv
Lilly v. Lewiston

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of November, two thousand fourteen.

PRESENT: JOHN M. WALKER, Jr.,
GERARD E. LYNCH,
DENNY CHIN,
*Circuit Judges.*

_____

EDWARD LILLY,

*Plaintiff-Appellant*,

v.                                                                No.     14-1448-cv

TOWN OF LEWISTON, LAUREN PASSANESE CAMPBELL, in her Individual and Official Capacity of a Police Officer in the Lewiston Police Department, AKA Lauren Campbell,

*Defendants-Appellees*.

_____

FOR PLAINTIFF-APPELLANT:          RICHARD H. WYSSLING, Buffalo, New York.

FOR DEFENDANTS-APPELLEES:          JENNA W. KLUCSIK, Sugarman Law Firm, LLP, Syracuse, New York.

Appeal from the United States District Court for the Western District of New York (Richard J. Arcara, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of the district court is AFFIRMED.

Plaintiff-appellant Edward Lilly appeals from the district court's order granting defendants-appellees' motion to dismiss Lilly's complaint under 42 U.S.C. §§ 1983 and 1985. We assume the parties' familiarity with the underlying facts and procedural history of the case, which we recite only to the extent necessary to explain our decision.

On November 24, 2010, Lilly sued Melissa Murphy, who is not a party to this case, for defamation. Lilly's suit, brought in New York State Supreme Court, was based on a purportedly false incident report Murphy had provided to the Lewiston Police Department that implicated Lilly in a littering incident, and resulting newspaper articles that made similar allegations against him. On January 7, 2011, Murphy answered the complaint, stating that she had not named Lilly in her report, nor had she provided information identifying him as a suspect.

In response, on January 2, 2014, Lilly brought suit in federal court against the town of Lewiston and Officer Campbell, alleging that Officer Campbell had fabricated the report, violating (and conspiring to violate) his due process rights. He also alleged that Officer Campbell was retaliating against him because he exercised his First Amendment rights in criticizing her husband, who was a New York State trooper, in violation of 42 U.S.C. §§ 1983 and 1985.

2

Defendants-appellees moved to dismiss Lilly's complaint as time-barred, as it was filed: (1) more than three years after Lilly brought his suit against Murphy in state court; and (2) more than three years after the last act by the Lewiston Police Department of which Lilly complains. The district court granted that motion. We affirm for largely the reasons stated by the district court in its March 31, 2014 Decision and Order.

"In section 1983 actions, the applicable limitations period is found in the 'general or residual [state] statute [of limitations] for personal injury actions.'" *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (alterations in original), quoting *Owens v. Okure*, 488 U.S. 235, 249-50 (1989). Neither party disputes that, here, the relevant statute of limitations for the § 1983 claim is N.Y. C.P.L.R. § 214(5), which provides for a three-year limitations period. The statute of limitations governing actions brought under 42 U.S.C. § 1985 is also three years. *See Cornwell v. Robinson*, 23 F.3d 694, 703 (2d Cir. 1994). Generally, a claim accrues "once the plaintiff knows or has reason to know of the injury which is the basis of his action." *Id.* (internal quotation marks omitted).

Lilly argues, however, that his claim did not accrue until Murphy answered his complaint in state court on January 7, 2011, because it was not until then that he learned that Officer Campbell submitted a false incident report. We disagree. Like the district court, we conclude that Lilly's claim accrued, at the latest, by the time he filed his suit against Murphy in state court on November 24, 2010, by which time he "kn[ew] or ha[d] reason to know of the injury which [was] the basis of his action," *Pearl*, 296 F.3d at 80

(internal quotation marks omitted), and, upon further investigation, could have discovered other potential defendants.

To the extent Lilly contends that he was subject to a continuing violation due to a "continuous practice and policy of discrimination, " *Cornwell*, 23 F.3d at 703 (internal quotation marks omitted), by the Lewiston Police Department such that the statute of limitations should be tolled, that argument is also meritless. The last act of which Lilly complains occurred on November 22, 2010**,** also more than three years before Lilly filed the complaint in this case. Even under the continuing violation theory, therefore, Lilly's complaint was untimely.

We have considered Lilly's remaining arguments and find them to be without merit. The order of the district court is therefore AFFIRMED.

<div style="margin-left: 40%;">

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

</div>